O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

| | |
|---|---|
| JAVIER IBARRA ALVARADO,<br><br>Petitioner,<br><br>v.<br><br>D.H.S.,<br><br>Respondent. | No. 5:26-cv-05232-CAS-JDE<br><br>ORDER DISMISSING ACTION AS MOOT |

On September 4, 2026, Javier Ibarra Alvarado ("Petitioner"), proceeding pro se, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging his detention by immigration authorities, seeking his immediate release. Dkt. 1 ("Petition"). Respondent filed an Answer on September 17, 2026, arguing immediate release was not warranted. Dkt. 7. Petitioner did not file a Reply.

On October 8, 2026, Respondent filed a Notice of Intent to Remove Petitioner from the Central District of California (Dkt. 9, "Notice"), advising, per C.D. Cal. General Order 26-05, that it "intend[s] to remove Petitioner to Mexico on or after October 14, 2026. Notice at 2. Attached to the Notice is a

United States and Customs Enforcement ("ICE") "Notification of Removal," addressed to Petitioner, dated October 7, 2026, advising Petitioner that he is "scheduled for transfer outside of the Central District of California on or after 10/14/2026 to effectuate your removal to Mexico in accordance with your Removal order on 9/30/26." Dkt. 8-1 ("ICE Notice"). On October 9, 2026, Respondent clarified that Petitioner is subject to a final order of removal, with Petitioner having waived appeal, making Petitioner subject to removal and to mandatory detention for 90 days under 8 U.S.C. § 1231(a)(2). Dkt. 10.

On November 5, 2026, Respondent filed a Status Report advising that Petitioner had been removed to Mexico on November 3, 2026 (Dkt. 12), with a Warrant of Removal/Deportation attached confirming that the removal took place on November 3, 2026. Dkt. 12-1 at 2.

The case or controversy requirement of Article III of the Constitution deprives federal courts of jurisdiction to hear moot cases. Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983) (per curiam). "To qualify as a case fit for federal court adjudication, an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Arizonans for Official English v. Arizona, 520 U.S. 43, 67 (1997) (citation and internal quotation marks omitted); see also Preiser v. Newkirk, 422 U.S. 395, 401 (1975) (there must be a real and substantial controversy at the time the case is decided). "Mootness is jurisdictional." Burnett v. Lampert, 432 F.3d 996, 999 (9th Cir. 2005). Federal courts do not have the power to decide a case that does not affect the rights of a litigant in the case before it. Mitchell v. Dupnik, 75 F.3d 517, 527-28 (9th Cir. 1996).

"[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." City of Erie v. Pap's A.M., 529 U.S. 277, 287 (2000) (citation omitted). Unless the prevailing party can obtain effective relief, "any opinion as to the legality of the challenged

action would be advisory." Id. "[A federal action] should . . . be dismissed as moot when, by virtue of an intervening event, a [federal court] cannot grant 'any effectual relief' whatever in favor of the [party seeking relief]." Calderon v. Moore, 518 U.S. 149, 150 (1996) (per curiam) (citation omitted). A habeas petition is moot where the petitioner "seeks relief [that] cannot be 'redressed by a favorable . . . decision' of the court issuing a writ of habeas corpus." Burnett, 432 F.3d at 1000-01 (citation omitted); see also Kittel v. Thomas, 620 F.3d 949, 951-52 (9th Cir. 2010) (as amended) (habeas petition dismissed as moot where there was no legal dispute remaining for the court to decide).

By the Petition, Petitioner sought release from immigration custody. However, Petitioner has now been removed from the United States and is no longer in Respondent's custody. As such, Petitioner's challenge to his detention is now moot. See Nsinano v. Barr, 808 F. App'x 554, 555 (9th Cir. 2020) (quoting Abdala v. INS, 488 F.3d 1061, 1065 (9th Cir. 2007)); Picrin-Peron v. Rison, 930 F.2d 773, 776 (9th Cir. 1991) ("By his petition for habeas corpus, [the petitioner] has requested only release from custody. Because he has been released, there is no further relief we can provide.").

THEREFORE, IT IS HEREBY ORDERED that this action is DISMISSED without prejudice as moot.

Dated: November 6, 2026

Christina A. Snyder

HONORABLE CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE